# EXHIBIT 2

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT Southern | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: **Calpine Corporation** | Case Number: 05-60200 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**U.S. Bank National Association**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Claim # 2533
USBC SDNY
Calpine Corporation
05-60200

**Received**

AUG 02 2006

Kurtzman Carson

Name and address where notices should be sent:
Stephen Rivero / Ira H. Goldman
U.S. Bank National Association / Shipman & Godwin LLP
633 West Fifth Street, 24th Floor / One Constitution Plaza
Los Angeles, CA 90071 / Hartford, CT 06103-1919
Telephone number: 860 251 5820 (Ira Goldman)

Last four digits of account or other number by which creditor identifies debtor: **10 1/2 % Senior Notes**

Check here ☐ replaces
if this claim ☐ amends   a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☑ Services performed    See attached Exhibit
   ☑ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other _____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of your SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
        (date)           (date)

2. Date debt was incurred:
   **5/16/1996**

3. If court judgment, date obtained:

4. **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

   **Unsecured Nonpriority Claim** $150,776,705.00, plus unliquidated amounts due and owing under the Indenture
   ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

   **Unsecured Priority Claim**
   ☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

   **Secured Claim**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5. Total Amount of Claim at Time Case Filed:   $150,776,705.00*           150,776,705.00*
                                                (unsecured)  (secured)  (priority)  (Total)
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.
   *Plus unliquidated amounts due and owing under the Indenture.

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
JUL 25 2006

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 7/20/2006 | Stephen Rivero, Vice President |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0560200060725000000000051

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE: | : | CHAPTER 11 |
|---|---|---|
| CALPINE CORPORATION, | : | CASE NO. 05-60200-brl |
| DEBTOR. | : | JOINTLY ADMINISTERED |

### PROOF OF CLAIM OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, RELATING TO THE 10 ½ % SENIOR NOTES DUE 2006 AND FOR FEES AND EXPENSES RELATED TO THE NOTES

1. U.S. Bank National Association, successor in interest to Fleet National Bank and State Street Bank and Trust Company of Connecticut, National Association with a business address of Corporate Trust Services, 633 West 5th Street, 24th Floor, Los Angeles, California 90071, acts as Indenture Trustee (the "Trustee") under an Indenture dated as of May 16, 1996, as supplemented by the First Supplemental Indenture dated as of August 1, 2000, and the Second Supplemental Indenture dated as of April 26, 2004 (collectively, the "Indenture"), by and between Calpine Corporation (the "Company") and the Trustee, pursuant to which certain 10 ½ % Senior Notes due 2006 (the "Notes") were issued. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Indenture. A true and accurate copy of the Indenture is annexed hereto as Exhibit A and is incorporated herein by reference. The undersigned is authorized to file this Proof of Claim on behalf of the Trustee and the holders of the Notes (the "Noteholders") pursuant to Section 501 of the Bankruptcy Code, 11 U.S.C. §101 et seq.

### The Notes

2. The Company was, at the time of the filing of the petition initiating this case, and continues to be, indebted to the Noteholders in the aggregate principal sum of $149,210,000.00, plus accrued and unpaid interest through the petition date (December 20, 2005) totaling $1,566,705.00, and any and all other accrued but unpaid interest and expenses, and any and all other amounts due and owing, under the Indenture, whether now owing or hereafter accrued and owing.

3. The Trustee is authorized to file this Proof of Claim on behalf of Noteholders pursuant to Section 5.9 of the Indenture.

### Fees and Expenses

4. Under Section 6.1 of the Indenture, the Trustee is to act on behalf of Noteholders. Section 6.1 states that, "If an Event of Default has occurred and is continuing, the Trustee shall exercise such of the rights and powers vested in it by this Indenture, and use the same degree of care and skill in their exercise, as a prudent Person would exercise or use under the circumstances in the conduct of his own affairs." Such obligation survives the filing of a bankruptcy petition by the Company and requires the Trustee to perform services during the pendency of the Company's bankruptcy.

5. In accordance with Sections 6.7 of the Indenture, the Company is obligated to pay, reimburse and indemnify the Trustee for all of its fees and expenses under the Indenture, including those of its counsel and other agents.

6. The Trustee has accrued fees and expenses, since the filing of the bankruptcy petition, and will continue in the future to accrue fees and expenses hereunder as a result of its continuing obligations under the Indenture.

### General

7. This Proof of Claim is for the liquidated and unliquidated amounts set forth in paragraphs 2 and 6, any and all other accrued but unpaid expenses, and any and all other amounts due and owing under the Indenture whether now owing or hereafter accrued and owing (the "Claim").

8. To the best of the Trustee's knowledge no judgment has been rendered on the Claim.

9. To the best of the Trustee's knowledge, the amount of all payments on the Claim has been credited and deducted for the purpose of making this Proof of Claim.

10. To the best of the Trustee's knowledge, the Claim is not subject to any setoff or counterclaim; provided however that, under the Indenture, the Trustee has a right of setoff against any amounts otherwise payable to the Noteholders, and the Trustee reserves its right to exercise its right of setoff with respect to the amount (liquidated and unliquidated) covered by this proof of claim to the extent it is not paid in full from other assets of the bankruptcy estate.

11. The Claim is an unsecured claim, except that the Trustee, pursuant to Section 6.7 of the Indenture has a lien prior to the Notes on property and funds held or collected by the Trustee.

12. The Trustee reserves the right, as set forth in Section 6.7 of the Indenture, to claim that the portion of its fees and expenses relating to services rendered on and after the date of the filing of the bankruptcy petition constitute an expense of administration to the extent it is not otherwise paid in full, and reserves the right to file a claim or application for payment of administrative expenses.

13. In executing and filing this Proof of Claim, the Trustee does not waive any obligation owing to it, any right to any security held by it or for its benefit, any right to claim specific assets, or any other right or rights of action that it has or may have against the Company or any other person, and the Trustee hereby expressly reserves such rights. The Trustee also expressly reserves the right to file further pleadings and documents and to amend, modify or supplement this Proof of Claim in any respect from time to time in order to (i) restate liquidated and unliquidated components of the Claim; (ii) update the total estimated exposure with respect to any unliquidated claims asserted herein; (iii) request payment of administrative expenses (whether in respect of claims asserted herein or otherwise); (iv) reflect additional claims to the extent discovered after the filing hereof; or (v) for any other reason it deems appropriate, including without limitation to claim all amounts due in respect of any pre-petition or post-petition professional fees and/or expenses and interest.

14. Filing of this Proof of Claim is not and shall not be deemed or construed as: (a) an election of remedies; (b) a consent by the Trustee to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the Trustee; (c) a consent by the Trustee to a jury trial in

4

this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. §157(e) or otherwise; (d) a waiver of the right of the Trustee to a trial by jury in any proceeding so triable herein or in any case, controversy or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. §157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (e) a waiver of the right of the Trustee to have final orders in non-core matters entered only after de novo review by a District Court judgment; (f) a waiver of the right of the Trustee to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal; (g) a waiver of any past, present or future event of default; or (h) a waiver or limitation of any rights of the Trustee, including, without limitation, a waiver of rights, claims, actions, defenses, set-offs or recoupments to which the Trustee is or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, set-offs and recoupments are expressly reserved by the Trustee.

[Remainder of page blank]

13. All notices and communications concerning this proof of claim shall be addressed as follows:

| | |
|---|---|
| Stephen Rivero<br>Vice President<br>U.S. Bank National Association<br>Corporate Trust Services<br>633 West 5th Street, 24th Floor<br>Los Angeles, CA 90071<br>stephen.rivero@usbank.com | Ira H. Goldman<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT 06103<br>Tel: 860-251-5000<br>Fax: 860-251-5214<br>bankruptcy@goodwin.com |

DATED: July 20, 2006

_____
Stephen Rivero
Vice President
U.S. Bank National Association

Penalty for Presenting Fraudulent Claim. Fine of up to $500,000 or imprisonment for up to five years, or both. Title 18, U.S.C., §§152 and 3571.

440478 v.03

6