# EXHIBIT 3-D

| United States Bankruptcy Court<br>Southern District of New York | PROOF OF CLAIM | |
|---|---|---|
| In re (Name of Debtor)<br>Calpine Corporation | Case Number:<br>05-60200 (BRL) | **RECEIVED**<br>AUG 02 2006<br>**KURTZMAN CARSON** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor<br>*(The person or entity to whom the debtor owes money or property)*<br>HSBC Bank USA, National Association, as successor Indenture Trustee | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | Claim # 2824<br>USBC SDNY<br>Calpine Corporation<br>05-60200 |
|---|---|---|
| Name and Addresses Where Notices Should be Sent<br><br>HSBC Bank USA, N.A.                Kelley Drye & Warren LLP<br>452 Fifth Avenue                     101 Park Avenue<br>New York, NY 10018-2706         New York, New York 10178<br>Attn: Ms. Sandra E. Horwitz       Attn: David E. Retter, Esq.<br>Vice President                         Christena A. Lambrianakos, Esq.<br>(212) 525-1358                       (212) 808-7800 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:<br>Indenture, dated as of March 29, 1999, as supplemented, pursuant to which $186,602,000 aggregate principal amount of Calpine Corporation's 7 3/4% Senior Notes Due 2009 were issued and remain outstanding. (See Attachment.) | Check here if this claim: ☐ replaces a previously filed claim, dated: _____<br>☐ amends |
|---|---|

1. BASIS FOR CLAIM:
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other (Describe briefly) (See Attachment.)

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensations (Fill out below)
   Your social security number _____
   Unpaid compensations for services performed
   From _____ to _____
       (date)         (date)

2. DATE DEBT WAS INCURRED: on or about March 29, 1999

3. IF COURT JUDGMENT, DATE OBTAINED:

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
   CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM
   Attach evidence of perfection of security interest.
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)
   Amount of arrearage and other charges included in secured claim above, if any $

☒ UNSECURED NONPRIORITY CLAIM  $189,213,132.15*
   A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.
   *Plus additional interest, Trustee Expenses and all other amounts due under the Indenture, the Notes, at law or in equity. (See Attachment.)

☐ UNSECURED PRIORITY CLAIM $_____
   Specify the priority of the claim.
   ☐ Wages, salaries, or commissions (up to $4,300), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
   ☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4)
   ☐ Up to $1,950 of deposits toward purchase, lease, or rental of property or services of personal, family, or household use—11 U.S.C. § 507(a)(6)
   ☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)
   ☐ Other—11 U.S.C. §§ 507(a)

5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: $189,213,132.15* (Unsecured)  $_____ (Secured)  $_____ (Priority)  $189,213,132.15* (Total) (See Attachment.)
   *Plus additional interest, Trustee Expenses and all other amounts due. (See Attachment.)
   ☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.
   This claim is not subject to any setoff or counterclaim.

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: July 26, 2006

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
x /s/ Sandra E. Horwitz, Sandra E. Horwitz, Vice President

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or impriso

NJ01/LAMBC/108551.1

0560200060727000000000034

ATTACHMENT TO PROOF OF CLAIM OF
HSBC BANK USA, AS SUCCESSOR INDENTURE TRUSTEE

1. BASIS FOR CLAIM

HSBC Bank USA, National Association ("HSBC") is the successor Indenture Trustee, under the Indenture, dated as of March 29, 1999 (the "Original Indenture"), between Calpine Corporation (the "Company"), as Issuer, and The Bank of New York, as predecessor Indenture Trustee (the "Predecessor Indenture Trustee" and together with HSBC, collectively, the "Indenture Trustees"), as supplemented by the First Supplemental Indenture, dated as of July 31, 2000, and the Second Supplemental Indenture, dated as of April 26, 2004 (collectively, the "Supplemental Indentures" and, together with the Original Indenture, the "Indenture"), pursuant to which the Company issued $350,000,000 aggregate principal amount of its 7 3/4% Senior Notes Due 2009 (the "Notes"). A copy of the Original Indenture is annexed hereto as Exhibit A, copies of the Supplemental Indentures are annexed hereto as Exhibits B and C, and all provisions of the Notes and the Indenture are expressly incorporated herein by reference.

2. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED

On December 20, 2005 (the "Petition Date"), the Company filed with this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. As of the Petition Date, the Company was, and still is, indebted to HSBC, as Indenture Trustee, in the following amounts:

(a) Principal Amount: $186,602,000.00.

(b) Interest:

  (i) $2,611,132.15 accrued unpaid interest to the Petition Date;

  (ii) plus accrued unpaid interest from the Petition Date at the rate of interest borne by the Notes; and

ATTACHMENT TO PROOF OF CLAIM OF
HSBC BANK USA, AS SUCCESSOR INDENTURE TRUSTEE

1. BASIS FOR CLAIM

HSBC Bank USA, National Association ("HSBC") is the successor Indenture Trustee, under the Amended and Restated Indenture, dated as of March 12, 2004 (the "Indenture"), between Calpine Corporation (the "Company"), as Issuer, and Wilmington Trust Company, as predecessor Indenture Trustee (the "Predecessor Indenture Trustee" and together with HSBC, collectively, the "Indenture Trustees"), pursuant to which the Company issued $900,000,000 aggregate principal amount of its 4.75% Contingent Convertible Notes Due 2023 (the "Notes"). A copy of the Indenture is annexed hereto as Exhibit A, and all provisions of the Notes and the Indenture are expressly incorporated herein by reference.

2. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED

On December 20, 2005 (the "Petition Date"), the Company filed with this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. As of the Petition Date, the Company was, and still is, indebted to HSBC, as Indenture Trustee, in the following amounts:

    (a)    Principal Amount: $633,775,000.00.

    (b)    Interest:

        (i)    $2,926,808.16 accrued unpaid interest to the Petition Date;

        (ii)    plus accrued unpaid interest from the Petition Date at the rate of interest borne by the Notes; and

        (iii)    interest on overdue principal and interest on overdue installments of interest and other amounts owing, if any, to the extent lawful, at the rate borne by the Notes.

    (c)    Trustee Expenses:

The Company is obligated to the Indenture Trustees for all amounts due and to become due to the Indenture Trustees for their compensation for services and for all reasonable disbursements, advances and expenses incurred by the Indenture Trustees, including, but not limited to, the compensation and out-of-pocket disbursements and expenses of the Indenture Trustees' agents and counsel, under Section 7.07 of the Indenture ("Trustee Expenses"), and for all other amounts, including, without limitation, indemnification obligations, due or to become due to the Indenture Trustees under Section 7.07 of the Indenture. The Indenture Trustees have incurred Trustee Expenses prior to the Petition Date and continue to incur Trustee Expenses from and after the Petition Date, which amounts are not fixed at this time but constitute a part of this claim.

(d)     Other Unliquidated Amounts:

The Company is obligated to HSBC, as Indenture Trustee, for any and all other amounts due or to become due under the Indenture and the Notes, whether now due or hereafter arising, which amounts may, presently, be unliquidated or contingent, but may become fixed and liquidated in the future, including, but not limited to, amounts as or for interest, liquidated damages, optional or mandatory redemptions, redemption premiums, redemption prices, expenses, indemnities, compensatory, secondary and/or punitive damages, and all compensation obligations, including, but not limited to, compensation obligations to the paying agent and registrar, all present or future stamp, court, documentary, excise or property taxes, charges or similar levies, the holders' rights to require the Company to purchase the Notes in connection with a change of control and/or asset sales, and any and all payment obligations of, or relating to, any other or additional amounts, any registration obligations under the Registration Rights Agreement dated September 5, 1997, between the Company and Credit Suisse First Boston

Corporation, the Indenture covenants limiting Liens, Sale and Leaseback Transactions, and Issuance of Additional Notes, and change of control payments, asset sales and excess proceeds, all as defined and described in the Notes and the Indenture.

3. INQUIRY NOTICE

This Proof of Claim serves, and is intended to serve, as notice of a claim for any amount due or to become due under the Notes or the Indenture, the provisions each of which are expressly incorporated herein by reference, whether or not summarized or identified specifically in this Proof of Claim, and all interested parties are on notice of, and advised to examine the provisions of, the Notes and the Indenture.

4. RESERVATION OF RIGHTS

HSBC does not waive, and expressly reserves, all rights and remedies at law or in equity that HSBC, individually or as Indenture Trustee (including the Predecessor Indenture Trustee), has or may have against the Company and/or any of the Company's affiliates and subsidiaries, or any other person or entity, including, without limitation, rights against the holders of the Notes (the "Noteholders"). HSBC reserves the right to amend or supplement this claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to provide additional detail regarding the claims set forth herein, or to fix the amount of any contingent or unliquidated claim.

5. JURISDICTION

In filing the within claim, HSBC does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the allowance of this claim for any and all amounts due under the Indenture and the Notes, and does not consent to the jurisdiction of

NJ01/LAMBC/108554.1

this Court to adjudicate any other matter relating to the Indenture or the rights and remedies of the Indenture Trustees and/or the Noteholders, including, without limitation, any adjudication concerning the charging lien and other lien rights granted to the Indenture Trustees, and/or priority in payment accorded to the Indenture Trustees, pursuant to the Indenture and related documents in connection with the issuance of the Notes described herein.