# EXHIBIT 4-A

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT Southern | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>Quintana Canada Holdings, LLC | Case Number<br>05-60400 (BRL) | |
|---|---|---|

Claim # 3732
USBC SDNY
Ca[l]pine Corporation
05-60200

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Goldman Sachs Credit Partners, L.P., as Administrative Agent, on behalf of itself and the Second Lien Term Loan Lenders

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Bruce Mendelsohn           Pedro Ramirez
1 New York Plaza, 48th Floor,   30 Hudson Street, 17th Floor
New York, NY 10004           Jersey City, NJ 07302
with copies to: Jones Day, 222 East 41st Street, New York, NY 10017
(Attn: Pedro A. Jimenez, Esq.)
Telephone number:

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

RECEIVED

AUG 0 8 2006

KURTZMAN CARSON

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim          a previously filed claim, dated:_____
          ☐ amends

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☑ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
    Last four digits of SS #: _____
    Unpaid compensation for services performed
    from _____ to _____
         (date)              (date)

**2. Date debt was incurred:**
July 16, 2003

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ _____ _____   See Addendum
                                                  (unsecured)   (secured)   (priority)   (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☑ Other See Addendum
Value of Collateral: $ See Addendum

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ See Addendum

**6. Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units- 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

Date: 7/27/06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Bruce Mendelsohn
Authorized Signatory

2006 JUL 28 P 3:26
S.D.N.Y.
FILED
U.S. BANKRUPTCY COURT

Penalty for presenting fraudulent claim: Fine of up ... and 3571.



0560400060728000000000002

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> Calpine Corporation, et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 05-60200 (BRL) <br><br> Jointly Administered |

**ADDENDUM TO SECURED PROOF OF CLAIM OF GOLDMAN SACHS CREDIT PARTNERS, L.P., AS ADMINISTRATIVE AGENT UNDER THE CREDIT AGREEMENT FOR SENIOR SECURED TERM LOANS DUE 2007, DATED AS OF JULY 16, 2003**

1. This Proof of Claim[1] is filed by Goldman Sachs Credit Partners, L.P., in its capacity as administrative agent (the "Second Lien Agent") under that certain Credit Agreement for Senior Secured Term Loans due 2007, dated as of July 16, 2003 (the "Second Lien Term Loans Credit Agreement"), on behalf of itself and on behalf of and for the ratable benefit of the holders of the obligations thereunder (collectively, the "Second Lien Term Loan Lenders," and, together with the Second Lien Agent, the "Second Lien Term Loan Parties"), against Calpine Corporation ("Calpine") and Quintana Canada Holdings, LLC ("Quintana Holdings," and together with Calpine, the "Debtors").

2. This Proof of Claim is predicated upon the Second Lien Loan Documents (as defined below) including, without limitation, the Second Lien Term Loans Credit Agreement. Pursuant to that certain Guarantee and Collateral Agreement, dated as of July 16, 2003 (the "Guarantee and Collateral Agreement"), that certain Collateral Trust Agreement dated July 16,

---

[1] Contemporaneously herewith, the Second Lien Agent, on behalf of itself and the Second Lien Term Loan Lenders, is also filing a separate proof of claim in each of the Debtors' chapter 11 cases in respect of certain claims related to the impermissible transfer of proceeds of certain collateral over which the Second Lien Term Loan Lenders hold validly perfected liens and security interests.

NYI-2269057v8

2003 (the "Collateral Trust Agreement") and all other related documents executed by the Debtors in favor of the Second Lien Agent and the Second Lien Term Loan Lenders (collectively, the "Second Lien Loan Documents"),[2] the Second Lien Term Loan Lenders' claim is secured by a second priority security interest in and to all or substantially all of Calpine's real and personal property, including without limitation, the following collateral (collectively, the "Collateral"): (a) all Accounts;[3] (b) all Chattel Paper; (c) all Contracts; (d) all Deposit Accounts; (e) all Documents; (f) all Equipment; (g) all General Intangibles; (h) all Instruments; (i) all Intellectual Property; (j) all Inventory; (k) all Investment Property; (l) all Letter-of-Credit Rights; (m) all other property not otherwise described above; (n) all books and records pertaining to the Collateral; and (o) all Proceeds, Supporting Obligations and products of any and all of the foregoing and all collateral security and guarantees given by any Person with respect to any of the foregoing. In addition, pursuant to the (i) Second Amendment Pledge Agreement, dated as of July 16, 2003, made by Calpine Corporation in favor of The Bank of New York, as Collateral Trustee and (ii) Second Amendment Pledge Agreement (Membership Interests), dated as of July 16, 2003, made by Calpine Corporation in favor of The Bank of New York, as Collateral Trustee, Calpine pledged and granted a second priority security interest in and to the stock of and membership interests in, respectively, various subsidiaries of Calpine.

3.  Pursuant to the Guarantee and Collateral Agreement and all other related documents executed by Quintana Holdings in favor of the Second Lien Term Loan Lenders, Quintana Holdings guaranteed Calpine's obligations under the Second Lien Term Loans Credit Agreement. In addition, pursuant to the First Amendment Pledge Agreement, dated as of July

---

[2] Attached hereto as Attachment 1 is a non-exhaustive listing of the Second Lien Loan Documents.

[3] All capitalized terms not defined herein shall have the meaning ascribed to such terms in the Guarantee and Collateral Agreement.

16, 2003, made by Quintana Holdings in favor of The Bank of New York, as Collateral Trustee, Quintana Holdings pledged and granted a second priority security interest in and to sixty-five percent (65%) of the stock of Calpine Canada Energy Ltd.

4.     On February 24, 2006, the United States Bankruptcy Court for the Southern District of New York entered that certain Second Amended Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection (the "Cash Collateral Order").

5.     On April 26, 2006, this Court entered an order establishing the bar dates for filing proofs of claim in the Debtors' chapter 11 cases (Docket No. 1348) (the "Bar Date Order"). On June 22, 2006, this Court approved a stipulation authorizing the Second Lien Agent to file a global proof of claim on behalf of itself and the Second Lien Term Loan Lenders in the Debtors' chapter 11 cases (the "Proof of Claim Stipulation"). Pursuant to Section 8.02 of the Second Lien Term Loans Credit Agreement, the Second Lien Agent is authorized to assert and file claims on behalf of itself and on behalf of and for the ratable benefit of the Second Lien Term Loan Lenders against the Debtors. Accordingly, pursuant to, among other things, the Bar Date Order and the Proof of Claim Stipulation, the Second Lien Agent is filing this Proof of Claim against the Debtors, on behalf of itself and on behalf of and for the ratable benefit of the Second Lien Term Loan Lenders, to assert the prepetition claims of such parties under the Second Lien Loan Documents.

6.     As of the December 20, 2005 (the "Petition Date"), the Debtors were indebted to the Second Lien Term Loan Lenders under the Second Lien Term Loans Credit Agreement in the aggregate amount of not less than (a) $746,229,609.38, representing $733,125,000 in outstanding principal amount and $13,104,609.38 in accrued but unpaid interest as of the Petition Date.

NYI-2269057v8

7.      In addition to the amounts set forth in paragraph 6 above, the Debtors are liable to the Second Lien Agent and Second Lien Term Loan Lenders under the Second Lien Loan Documents (including, without limitation, Section 13.02 of the Second Lien Loan Credit Agreement and the Administrative Agent Fee Letter dated July 16, 2003) for (a) all accrued and accruing costs, fees, charges and out-of-pocket expenses incurred by the Second Lien Agent or any of the Second Lien Term Loan Lenders (including the reasonable fees, costs, charges, expenses and disbursements of any counsel, financial advisor or other advisor for the Second Lien Agent or any Second Lien Lender) (i) in connection with the Second Lien Term Loans Credit Agreement or any of the Second Lien Loan Documents or (ii) relating to or in connection with the loans made pursuant to the Second Lien Term Loans Credit Agreement, including all out-of-pocket expenses incurred during any workout, restructuring or negotiations with respect to such loans (including, without limitation, the Second Lien Agent's fees and attorneys' fees), (b) any contingent rights under the Second Lien Loan Documents (including, without limitation, for indemnification and prepayment fees) and (c) accrued and accruing postpetition interest (including, without limitation, interest at the applicable default rate of interest). The foregoing interest, costs, fees, charges, expenses and other amounts for which the Debtors are obligated under the Second Lien Loan Documents include, without limitation, all such amounts payable under Sections 2.05 though 2.09 of the Second Lien Term Loans Credit Agreement. This Proof of Claim includes a claim for all such fees, costs, interest, charges and expenses payable to the Second Lien Term Loan Parties. The aggregate amount of such interest, costs, fees, charges and expenses has not been determined at this time.

8.      All amounts referred to or described in paragraphs 6 and 7 above are collectively referred to as the "<u>Claim</u>." The Debtors are obligated for the Claim directly under

the Second Lien Term Loans Credit Agreement, the Guarantee and Collateral Agreement and the other Second Lien Loan Documents.

9. On the Petition Date the Debtors were and are now indebted and liable to the Second Lien Agent for the benefit of the Second Lien Lenders to return the amount of $313 million in Collateral proceeds pursuant to a judgment issued by the Delaware state court in <u>Calpine Corporation v. The Bank of New York and Wilmington Trust Company</u>, C.A. No. 1669-N.

10. In addition, the Second Lien Agent, for the benefit of the Second Lien Term Loan Lenders, is the beneficiary of the subordination provisions (the "<u>Subordination Provisions</u>") of the 6% and 7.75% Contingent Senior Convertible Notes (the "<u>Subordinated Securities</u>"). Pursuant to the Subordination Provisions, the Second Lien Agent for the benefit of the Second Lien Lenders, is entitled to receive all distributions or payments payable to the holders of the Subordinated Securities until such time as the Second Lien Lenders have been paid in full and reserves all rights in connection therewith.

11. No judgment has been rendered on this Claim.

12. The amount of all prepetition payments made on account of this Claim has been credited and deducted for the purposes of submitting this Proof of Claim.

13. The Claim is not subject to any setoff or counterclaim. The Second Lien Agent, on behalf of the Second Lien Term Loan Parties, reserves any and all setoff rights to which they may be entitled under 11 U.S.C. § 553, applicable non-bankruptcy law or otherwise.

14. Nothing contained herein is or shall be deemed to be a waiver of any rights of that the Second Lien Term Loan Parties may have under the Bankruptcy Code, 11 U.S.C., <u>et seq</u>. (the "Bankruptcy Code"), relevant Federal Rules of Bankruptcy Procedure or

applicable non-bankruptcy law. In executing and filing this Proof of Claim, the Second Lien Agent does not, to the extent provided by applicable law, submit the Second Lien Term Loan Parties to the jurisdiction of this Court for any purpose other than with respect to the Claim asserted herein, and does not waive: (a) any of the Second Lien Agent's or the Second Lien Term Loan Lender's respective rights and remedies against any other person or entity who may be liable for all or part of the Claim set forth herein, whether an affiliate of any Debtor, an assignee, guarantor, or otherwise; or (b) any obligation owed to the Second Lien Agent or the Second Lien Term Loan Lenders, or any right to any security that may be determined to be held for their benefit. The filing of this Proof of Claim is not an election of remedies.

15. THIS CLAIM IS FILED AS A SECURED CLAIM; provided that, to the extent that the security interests granted to the Second Lien Agent, on behalf of itself and on behalf of and for the ratable benefit of the Second Lien Term Loan Lenders, and the rights of setoff of the Second Lien Agent or the Second Lien Term Loan Lenders under section 553 of the Bankruptcy Code and applicable law are insufficient to satisfy this Claim, the remainder of this Claim is filed as an unsecured claim. Nothing contained herein is or shall be deemed to be a waiver or relinquishment in whole or in part of any security interest, lien or mortgage securing any indebtedness or obligation of the Debtors to the Second Lien Agent or the Second Lien Term Loan Lenders. Moreover, nothing contained herein is or shall be deemed to be a waiver of any rights that the Second Lien Term Loan Parties may have under the Bankruptcy Code, including any right to election under section 1111(b) of the Bankruptcy Code, and the filing of this Proof of Claim in no respect waives, alters, or otherwise affects any rights the Second Lien Term Loan Parties may have with regard to any claims created or otherwise arising prior to, on or subsequent to the Petition Date.

16. The Second Lien Term Loan Parties expressly reserve their right to amend, modify, or supplement this Proof of Claim at any time, including, without limitation, to amend any dollar amount stated herein, specifying the dollar amount of any claim that is not stated in a specific amount herein, specifying the amount of interest, fees, costs, charges or expenses owed to the Second Lien Agent or any Second Lien Lender to the extent not set forth herein, or specifying additional interest, fees, costs, charges or expenses arising prior to or subsequent to the confirmation of any chapter 11 plan.

17. Copies of all notices and communications concerning this Proof of Claim should be sent to Bruce Mendelsohn, Goldman Sachs Credit Partners, L.P., 1 New York, Plaza, 48th Floor, New York, NY 10004 and Pedro Ramirez, Goldman Sachs Credit Partners, L.P., 30 Hudson Street, 17th Floor, Jersey City, NJ 07302, with a copy to: Jones Day, 222 East 41st Street, New York, New York 10017-6702, Attention: Pedro A. Jimenez, Esq.

18. The undersigned is authorized to make this Proof of Claim on the Second Lien Agent's and Second Lien Term Loan Lenders' behalf.

> GOLDMAN SACHS CREDIT PARTNERS, L.P., AS SECOND LIEN ADMINISTRATIVE AGENT UNDER THE SECOND LIEN TERM LOANS CREDIT AGREEMENT
>
> By: _____
> Name: Bruce H. Mendelsohn
> Title: Authorized Signatory
>
> Dated: July 27, 2006

## Attachment 1

### List of Second Lien Loan Documents

1. Deed of Trust, Assignment of Rents and Security Agreement and Fixture Filing for Deer Park, dated as of July 16, 2003, among Calpine, Malcolm S. Morris, and The Bank of New York.

2. Deed of Trust, Assignment of Rents, Fixture Filing and Security Agreement for Goldendale, dated as of July 17, 2003, among Calpine, The Bank of New York, and Chicago Title Insurance Company.

3. Deed of Trust, Assignment of Rents, Fixture Filing and Security Agreement for Metcalf, dated as of July 16, 2003, among Calpine, The Bank of New York, and Chicago Title Insurance Company.

4. Mortgage, Assignment of Rents, and Security Agreement for Santa Rosa, dated as of July 16, 2003, by Calpine to The Bank of New York.

5. Deed of Trust, Assignment of Rents, Fixture Filing and Security Agreement for Otay Mesa, dated as of July 16, 2003, among Calpine, The Bank of New York, and Chicago Title Insurance Company.

6. Deed to Secure Debt, Assignment of Rents and Security Agreement for Augusta, dated as of July 16, 2003 by Calpine to The Bank of New York.

7. Mortgage, Collateral Assignment of Leases and Rents, Security Agreement and Financing Statement for Washington Parish, dated as of July 16, 2003, by Calpine to The Bank of New York.

8. Assignment of Liens from Agent to Collateral Trustee; Multistate; Multistate (Alternate Trustee); California; Colorado; Louisiana; New Mexico.

9. UCC-3 Assignments of existing financing statements pertaining to the Domestic Gas Reserve; Delaware Secretary of State; Garfield County, CO; New Mexico Secretary of State; California Counties of Colusa, Contra Costa, Fresno, Kern, Kings, Sacramento, Solano, Sutter, Tulare and Yolo; Jefferson Parish, LA and MMS.

10. Amended and Restated Mortgage, Deed of Trust, Assignment, Security Agreement, Financing Statement and Fixture Filing from Borrower in favor of Collateral Trustee for recording in various counties in the States of Arkansas; Colorado, Mississippi, Montana, New Mexico, Oklahoma, Texas and Wyoming pertaining to Domestic Gas Reserves; Multistate; Multistate (Alternate Trustee); Colorado Counterpart; New Mexico Counterpart.

11. UCC-3 Amendment to Financing Statement (Multistate); Delaware Secretary of State, Garfield County, CO; New Mexico Secretary of State.

NYI-2269224v2

12. Amended and Restated Mortgage, Assignment, Security Agreement and Financing Statement from Borrower in favor of Collateral Trustee for recording in Acadia, Bienville, Calcasieu, Cameron, Claiborne, East Baton Rouge, East Feliciana, Iberia, Lafayette, Lincoln, Livingston, Plaquemines, St. Bernard, St. Martin, St. Mary, Terrebonne, Vermilion, Webster, and West Feliciana Parishes, Louisiana.

13. UCC-3 Amendment to Financing Statement – Borrower for filing with the UCC Records of Jefferson Parish, Louisiana and Delaware Secretary of State.

14. Amended and Restated Deed of Trust with Power of Sale, Assignment of Production, Security Agreement, Financing Statement and Fixture Filing from Borrower in favor of Collateral Trustee for recording in Colusa, Contra Costa, Fresno, Kern, Kings, Sacramento, Solano, Sutter, Tulare and Yolo Counties, California.

15. UCC-3 Amendment to Financing Statement to be filed with Delaware Secretary of State; California counties of Colusa County, Contra Costa County, Fresno County, Kern County, Kings County, Sacramento County, Solano County, Sutter County, Tulare County, and Yolo County.

16. Collateral Trust Agreement, dated as of July 16, 2003, among Calpine Corporation, Quintana Minerals (USA) Inc., JOQ Canada, Inc., Quintana Canada Holdings LLC, The Bank of Nova Scotia, as Agent under the Credit Agreement, Wilmington Trust Company, as Trustee under the 2007, the 2010 and the 2013 Indentures, Goldman Sachs Credit Partners, L.P., as Administrative Agent under the Term Loan Agreement, and the Bank of New York as Collateral Trustee.

17. Guarantee and Collateral Agreement, dated as of July 16, 2003, made by Calpine Corporation, Quintana Minerals (USA) Inc., JOQ Canada, Inc. and Quintana Canada Holdings LLC, in favor of The Bank of New York, as Collateral Trustee.

18. First Amendment Pledge Agreement, dated as of July 16, 2003, made by Quintana Minerals (USA) Inc., JOQ Canada, Inc. and Quintana Canada Holdings LLC, in favor of The Bank of New York, as Collateral Trustee.

19. First Amendment Assignment and Security Agreement, dated as of July 16, 2003, made by Calpine Corporation in favor of The Bank of New York, as Collateral Trustee.

20. Second Amendment Pledge Agreement, dated as of July 16, 2003, made by Calpine Corporation in favor of The Bank of New York, as Collateral Trustee.

21. Second Amendment Pledge Agreement (Membership Interests), dated as of July 16, 2003, made by Calpine Corporation in favor of The Bank of New York, as Collateral Trustee.

22. First Amendment Note Pledge Agreement, dated as of July 16, 2003, made by Calpine Corporation in favor of The Bank of New York, as Collateral Trustee.

NYI-2269224v2

23. Designated Asset Sale Proceeds Account Control Agreement, dated as of July 16, 2003, among Calpine Corporation, Union Bank of California, N.A., as Depository Agent, and The Bank of New York, as Collateral Trustee.

24. Special Deposit Account Control Agreement (Security Interest in Deposit Account-Contingency), dated as of August __, 2003, among Calpine Corporation, The Bank of New York, as Collateral Trustee, the Bank of Nova Scotia, as Agent for the Collateral Trustee and Union Bank of California, N.A.

25. Senior Secured Term Loan Credit Agreement, dated as of July 16, 2003, among Goldman Sachs Credit Partners L.P., The Bank of Nova Scotia, TD Securities (USA) Inc., ING (U.S.) Capital LLC and Landesbank Hessen-Thuringen, Credit Lyonnais New York Branch and Union Bank of California, N.A.

26. UCC Financing Statement with The Bank of New York as the Secured Party and Augusta as debtor filed with the Georgia Department of State on July 21, 2003.

27. Recording Instruction Letter dated July 16, 2003, with AmeriTitle regarding Goldendale Mortgages.

28. Recording Instruction dated July 16, 2003, with CLAS Information Services, regarding Mortgages other than Goldendale.

29. Amended and Restated Hazardous Materials Indemnity from Borrower for Domestic Gas Reserves and other property (Multistate).

30. Amended and Restated Hazardous Materials Indemnity from Borrower for Domestic Gas Reserves and other property located in State of California.

31. Recording Instruction Letters : Gordon (Louisiana Parishes of Jefferson, Cameron, Terrebonne and MMS); Gaston (Texas counties of Webb & Zapata); Wahl (Texas counties of Chambers, Jefferson, Live Oak and Wharton); Brewer (San Juan County, NM and New Mexico Secretary of State); Lewy (California counties of Contra Costa, Sacramento, Solano, and Yolo); Welborn (Garfield County, Colorado); CSC – Other properties and jurisdictions and the MMS.

32. Administrative Agent Fee Letter, dated July 16, 2003, from Goldman to Calpine.

NYI-2269224v2