# EXHIBIT 5-D

**FORM B10** (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: **Calpine Corporation** | Case Number: **05-60200** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense, may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): Wilmington Trust Company, as Indenture Trustee for Calpine Corporation 9.875% Second Priority Senior Secured Notes Due 2011 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | USBC SDNY<br>Claim # 4058<br>Calpine Corporation<br>05-60200 |
|---|---|---|
| Name and address where notices should be sent:<br>Nixon Peabody LLP<br>Attn: John V. Snellings, Esq.<br>100 Summer Street<br>Boston, MA 02110<br>(617) 345-1202 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **Received**<br>AUG 0 9 2006<br>Kurtzman-Carson<br>THIS SPACE IS FOR COURT USE ONLY |
| Last four digits or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated:_____ | |

**1. Basis for Claim**
☐ Goods sold
☒ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other:_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
       (date)              (date)

**2. Date debt was incurred:** November 18, 2003

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

**Secured Claim**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☒ Real Estate  ☒ Motor Vehicle  ☒ Other  **
   Value of Collateral: $ _Not yet determined_
Amount of arrearage and other charges at time case filed included in secured claim, if any: $402,137,369.40**

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**5. Total Amount of Claim at Time Case Filed:** $_____ $402,137,369.40 $_____ $402,137,369.40
                                                (unsecured)     (secured)        (priority)       (Total)

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or other charges. **See Addendum for additional unliquidated amounts due and more detailed description of collateral.**

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY
FILED
S.D.N.Y. BANKRUPTCY COURT

| Date<br>7/27/06 | Sign and print the name and title:<br>WILMINGTON TRUST COMPANY, as Indenture Trustee<br>By: _[signature]_<br>Steven M. Cimalore, Vice President |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment

0560200060731000000000119

John V. Snellings, Esq.
**NIXON PEABODY LLP**
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1202

Attorneys for
Wilmington Trust Company, as Indenture Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CALPINE CORPORATION | Case No. 05-60200 (BRL) |
| | Jointly Administered |
| Debtor. | |

**ADDENDUM TO PROOF OF CLAIM
BY
WILMINGTON TRUST COMPANY
AS INDENTURE TRUSTEE
FOR
THE 9.875% SECOND PRIORITY SENIOR SECURED NOTES DUE 2011
ISSUED BY
CALPINE CORPORATION
FOR AND ON BEHALF OF HOLDERS THEREOF
AND
FOR ITS OWN FEES AND EXPENSES**

  This Addendum is submitted with and incorporated in the Proof of Claim filed in this case by Wilmington Trust Company, solely in its capacity as Indenture Trustee (together with its predecessors, successors and assigns, the "Indenture Trustee") under that certain 9.875% Second Priority Senior Secured Indenture, dated as of November 18, 2003 (the "Indenture"), by and between Calpine Corporation, a Delaware corporation (the "Debtor") and the Indenture Trustee, pursuant to which the Debtor issued its 9.875% Second Priority Senior Secured Notes Due 2011 (the "Notes") in the original aggregate principal amount of $400,000,000.00. Certain affiliates of the Debtor have guaranteed the obligations of the Debtor under the Indenture, are named as Guarantors (collectively, the "Guarantors") therein, and have granted security interests in collateral as security for the Notes. Additional affiliates (collectively, the "Pledgors"), while not issuers or guarantors, have also pledged or mortgaged certain collateral as security for the Notes. Certain other affiliates may have received cash or goods or services from the Debtor and may constitute intercompany debt of the Debtor, which intercompany obligations have been assigned as security to the Indenture Trustee. Any rights or remedies of the Debtor arising from such transfers or obligations constitute part of the Collateral as defined below.

10055527.8

I.  **CREDITOR.**

Wilmington Trust Company is a Delaware banking corporation, with an office at Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890. The signatory of the Proof of Claim, Steven M. Cimalore, is a Vice President of Wilmington Trust Company and is authorized to make this Proof of Claim.

The Indenture Trustee hereby makes, and is authorized pursuant to the Indenture to file, this Proof of Claim. The Indenture Trustee is aware that one or more holders of the Notes (the "Holders") may file proofs of claim on their own behalf with respect to the Notes held by such Holders.

II.  **SUMMARY OF SUPPORTING DOCUMENTS AND DESCRIPTION OF COLLATERAL.**

The indebtedness evidenced by the Notes and the Indenture is secured and/or guaranteed by the following (as the same may have been further amended, modified or supplemented from time to time, hereinafter referred to collectively as the "Collateral Documents"):

1.  A certain Collateral Trust Agreement, dated as of July 16, 2003, by and among the Debtor, Quintana Minerals (USA), Inc., a Delaware corporation ("QM"), JOQ Canada, Inc., a Delaware corporation ("JOQ"), Quintana Canada Holdings LLC, a Delaware limited liability company ("Quintana")(QM, JOQ and Quintana are hereinafter sometimes referred to collectively as the "Canadian Guarantors"), The Bank of New York as Collateral Trustee (the "Collateral Trustee") and certain other parties named therein;

2.  A certain Guarantee and Collateral Agreement, dated as of July 16, 2003, by the Debtor and the Canadian Guarantors in favor of the Collateral Trustee, pursuant to which, among other things, (a) the Debtor has granted to the Collateral Trustee a second priority security interest in substantially all of the personal property and other assets of the Debtor, all as more particularly described therein; and (b) Quintana (as successor by merger to QM and JOQ) has unconditionally guaranteed the prompt and complete payment and performance by the Debtor of all indebtedness, obligations and liabilities of the Debtor under the Notes and the Indenture, all as more particularly described therein;

3.  A certain First Amendment Pledge Agreement, dated as of July 16, 2003, by the Canadian Guarantors in favor of the Collateral Trustee, pursuant to which, among other things, Quintana (as successor by merger to QM and JOQ) has granted to the Collateral Trustee a second priority pledge of certain shares of capital stock of Calpine Canada Energy Limited which are now owned or hereafter acquired by Quintana (as successor by merger to QM and JOQ), all as more particularly described therein;

4.  A certain Second Amendment Pledge Agreement, dated as of July 16, 2003, by and between the Debtor and the Collateral Trustee, as amended by that certain Amendment No. 2, dated as of December 30, 2003, by and between the Debtor and the Collateral Trustee, all pursuant to which, the Debtor has granted to the Collateral Trustee

a second priority security interest in, among other things, all of shares of capital stock which are now owned or hereafter acquired by the Debtor in the following corporations, all as more particularly described therein: (a) CPN Auburndale, Inc., (b) Calpine Auburndale, Inc., (c) Calpine Northeast Marketing, Inc., (d) Calpine Northbrook Corporation of Maine, (e) Androscoggin Energy, Inc., (f) Calpine Power Company, (g) Calpine Operation Management Company, Inc., (h) Calpine Fuels Corporation, (i) Calpine Administrative Services, Inc., (j) Calpine International Holdings, Inc., (k) Calpine Finance Company, (l) Calpine Energy Services Holdings, Inc. and (m) Calpine Operating Management Company, Inc.;

5.  A certain Second Amendment Pledge Agreement (Membership Interests), dated as of July 16, 2003, by and between the Debtor and the Collateral Trustee, as amended by that certain Amendment No. 2, dated as of December 30, 2003, by and between the Debtor and the Collateral Trustee, all pursuant to which, the Debtor has granted to the Collateral Trustee a second priority security interest in, among other things, all of the Debtor's rights, title and interests in certain membership interests of South Point Energy Center, LLC, all as more particularly described therein;

6.  A certain First Amendment Note Pledge Agreement, dated as of July 16, 2003, by and between the Debtor and the Collateral Trustee, pursuant to which, among other things, the Debtor has granted to the Collateral Trustee a second priority security interest in certain promissory notes that are now owned or hereafter acquired by the Debtor, all as more particularly described therein;

7.  A certain First Amendment Assignment and Security Agreement, dated as of July 16, 2003, by and between the Debtor and the Collateral Trustee, pursuant to which, among other things, the Debtor has granted to the Collateral Trustee a second priority security interest in all of the Debtor's rights, title and interests, whether now existing or hereafter arising under that certain Purchase Agreement, dated as of March 8, 2002, by and between the Debtor and Calpine Gilroy Cogen L.P. a Delaware limited partnership, as the same may be amended or otherwise modified from time to time, all as more particularly described therein;

8.  A certain Amended and Restated Mortgage, Deed of Trust, Assignment, Security Agreement, Financing Statement and Fixture Filing from the Debtor in favor of John Quick, Kemp Leonard and the Collateral Trustee, as amended by that certain Notice of Additional Advance and Amendment to Mortgage, dated as of September 21, 2004, from the Debtor in favor of John Quick and Kemp Leonard as trustees thereunder and the Collateral Trustee as the beneficiary thereunder, all pursuant to which, among other things, the Debtor has granted to the Collateral Trustee a second priority mortgage lien on certain real properties and all of the buildings and other improvements thereon, located in Texas, all as more particularly described therein; and

9.  Any and all other mortgages, leasehold mortgages, assignments of rents and leases, UCC-1 financing statements and other security instruments filed with and/or recorded in various filing offices, all as more particularly described in **Schedule A** attached hereto and incorporated herein by reference.

All of the assets in which a security interest, pledge, assignment or mortgage has been granted to the Collateral Trustee pursuant to the Collateral Documents is hereinafter referred to as the "Collateral." The Indenture, the Notes and the Collateral Documents, together with any and all other documents, instruments, certificates or other writings executed or delivered in connection therewith, are hereby collectively referred to as the "Indenture Documents."

### III.   VALUE OF COLLATERAL.

The Indenture Trustee has not yet completed its valuation of the Collateral.

### IV.   CLASSIFICATION AND AMOUNT OF CLAIM.

The claims filed hereunder are secured claims. The claims asserted are in the following liquidated and unliquidated amounts:

   1.   Liquidated Claims of Holders and Indenture Trustee as of Petition Date. On December 20, 2005 (the "Petition Date"), the Debtor was and is now indebted and liable to the Holders and to the Indenture Trustee under the Indenture for the benefit of the Holders, all pursuant to the provisions of the Indenture and the other Indenture Documents, in certain liquidated amounts described as follows:

      A.   Unpaid Principal (LIQUIDATED). The aggregate outstanding principal balance of the Notes in the liquidated amount of Four Hundred Million and 00/100 Dollars ($400,000,000.00);

      A.   Unpaid Interest Due as of Petition Date (LIQUIDATED). The amount of interest accrued and unpaid on the Notes from the last date for which an interest payment was made to the Petition Date, in the liquidated amount of Two Million, Eighty-Four Thousand, Seven Hundred Twenty-Two and 22/100 Dollars ($2,084,722.22);

      B.   Liquidated Claims of Indenture Trustee (LIQUIDATED). On the Petition Date, the Debtor was and is now indebted and liable to the Indenture Trustee for Fifty-Two Thousand, Six Hundred Forty-Seven and 18/100 Dollars ($52,647.18) in unpaid fees, costs and expenses (including reasonable legal fees, costs and expenses) incurred by the Indenture Trustee;

for a current total liquidated claim as of the Petition Date of Four Hundred Two Million, One Hundred Thirty-Seven Thousand, Three Hundred Sixty-Nine 40/100 Dollars ($402,137,369.40);

   2.   Unliquidated Claims of Holders. In addition to the foregoing liquidated amounts, the Debtor was, at the Petition Date, and is now indebted and liable to the Holders and to the Indenture Trustee for the benefit of the Holders, all pursuant to the provisions of the Indenture and the other Indenture Documents in certain unliquidated amounts described as follows:

        A.    <u>Interest (UNLIQUIDATED)</u>. The amount of interest accruing on the Notes from the Petition Date to the date of payment of the Notes, at the rates and in the manner set forth in the Notes and in the Indenture;

        B.    <u>Other Interest (UNLIQUIDATED)</u>. The amount of interest accruing on past-due installments of interest on the Notes from and after the Petition Date to the date of payment of such installments and any default interest due, all at the rates and in the manner set forth in the Notes and in the Indenture; and

        C.    <u>Other Charges (UNLIQUIDATED)</u>. All other interest, charges, make whole amounts, penalties, premiums, and advances which may be due or become due under the Notes and the Indenture, including, without limitation, reasonable compensation, expenses, disbursements and advances (including, without limitation, reasonable fees and disbursement of counsel and financial advisors) of the Indenture Trustee and (if applicable) of the Holders.

        3.    <u>Unliquidated Claims of Indenture Trustee</u>. The claims asserted herein are in the following unliquidated amount: The Debtor was, at the Petition Date, and is now indebted and liable to the Indenture Trustee under the Indenture and the other Indenture Documents for reasonable compensation, expenses, disbursements and advances, including reasonable fees and disbursements of counsel and financial advisors, as Indenture Trustee under the Indenture and the other Indenture Documents, all incurred and being incurred until such date as the Indenture Trustee is discharged and released from its duties thereunder, including, without limitation, the reasonable fees and disbursements of counsel and financial advisors to the Indenture Trustee, incurred in connection with the Debtor's defaults under the Notes, collection of amounts payable thereunder, and enforcement of performance or observance of the obligations and agreements of the Debtor contained therein, including without limitation, all agreements of the Debtor to indemnify and hold the Indenture Trustee harmless contained therein.

**V.**     <u>**COPIES OF SUPPORTING DOCUMENTS**</u>.

    The claims hereby made are all founded on the terms of the Notes (the originals of which are in the possession of the Holders) and the other Indenture Documents. A true, correct and complete copy of the Indenture (which includes the form of the Note) and the other Indenture Documents is voluminous. Therefore, copies have not been attached to this Proof of Claim. Copies of the Indenture Documents are available from the Indenture Trustee upon request and reimbursement to the Indenture Trustee for copying and shipping expense.

**VI.**     <u>**RESERVATION OF RIGHTS AND CLAIMS**</u>.

    The filing of this Proof of Claim is specifically made without any election of rights and remedies, and the Indenture Trustee hereby reserves all rights and remedies which it may have, in addition to filing of and pursuit of this Proof of Claim, against the Debtor and against any other person or entity. This Proof of Claim is not intended to be, and shall not be construed as, a waiver of any defaults under the Indenture Documents, or a waiver or limitation of any claims or

interests of the Indenture Trustee thereunder, or a waiver of any rights, defenses or remedies the Indenture Trustee may have, including, without limitation, a right to a jury trial on any issue.

The Indenture Trustee is entitled, pursuant to applicable provisions of the Indenture, to a senior lien on all recoveries of the Holders in order to pay the compensation, expenses, disbursements and advances of the Indenture Trustee, its counsel and advisors. All claims and rights in connection with such liens are hereby reserved. Any claim that such separate claim of the Indenture Trustee is actually for the benefit of the Holders (in order to prevent diminution of the full claims asserted by the Holders) is also hereby reserved.

The Indenture Trustee asserts and reserves all claims, whether contingent, priority, in the nature of an administrative expense, or otherwise, including, without limitation, rights of indemnity, subrogation, and contribution, related to its agreements with the Debtor. Nothing in this Proof of Claim shall impair or limit the rights of the Indenture Trustee against any third parties with respect to the claims asserted herein, which such rights the Indenture Trustee hereby expressly reserves. Nothing in this Proof of Claim shall impair or limit the Indenture Trustee's rights, to the extent applicable, to supplement amounts owed under the claims referenced herein or under any and all other claims against the Debtor.

In addition the Indenture Trustee for the benefit of the Holders is the beneficiary of the subordination provisions (the "Subordination Provisions") of the 6% and 7.5% contingent Senior Convertible Notes (the "Subordinated Securities"). Pursuant to the Subordination Provisions, the Indenture Trustee for the benefit of the Holders is entitled to receive all distributions or payments payable to the holders of the Subordinated Securities until such time as the Holders have been paid in full.

This Proof of Claim shall not be deemed a consent by the Indenture Trustee to having any matters relating to any disputed claims heard by the Bankruptcy Court; nor shall the Indenture Trustee's submission of this Proof of Claim waive any of the Indenture Trustee's rights to have final orders in non-core matters entered only after *de novo* review by a United States District Court judge, or to petition the United States District Court to withdraw any reference in any matter subject to mandatory or discretionary withdrawal, or any other rights, claims, actions, defenses, set-offs or recoupments (whether contingent, unliquidated or otherwise) to which the Indenture Trustee is or may be entitled under the Indenture Documents, in law or equity, all of which are expressly reserved.

The Indenture Trustee reserves the right to supplement or amend this Proof of Claim as necessary or desirable.