**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

In re:

CALPINE CORPORATION, et al.,

Debtors.

ARISTEIA CAPITAL, L.L.C., AURELIUS CAPITAL MANAGEMENT, LP, DRAWBRIDGE SPECIAL OPPORTUNITIES ADVISORS LLC, ORE HILL HUB FUND LTD., NISSWA MASTER FUND LTD., PINES EDGE VALUE INVESTORS LTD., PINES EDGE VALUE INVESTORS L.P., SILVER SANDS FUND LLC, STARK MASTER FUND LTD., 3V CAPITAL MANAGEMENT, LLC, AND HSBC BANK USA, N.A., AS INDENTURE TRUSTEE FOR THE 6% CONVERTIBLE NOTES DUE 2014 AND THE 4.75% CONVERTIBLE NOTES DUE 2023,

Plaintiffs/Appellants,

-against-

CALPINE CORPORATION AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION, OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CALPINE CORPORATION, OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS,

Defendants/Appellees.

Civil Case Nos. 07-7830 (JGK); 07-7832 (JGK); 07-8493 (JGK)

Appellate Docket No. 07-5237-bk

**APPELLANTS' JOINT DESIGNATION OF RECORD**
**ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED**

Pursuant to Federal Rule of Appellate Procedure 6, Aristeia Capital, L.L.C., Aurelius Capital Management, LP, Drawbridge Special Opportunities Advisors LLC, Ore Hill

Hub Fund Ltd., Nisswa Master Fund Ltd., Pines Edge Value Investors Ltd., Pines Edge Value Investors L.P., Silver Sands Fund LLC, Stark Master Fund Ltd. and 3V Capital Management, LLC (the "Appellant Noteholders"), as beneficial owners, or managers of entities or accounts that are beneficial owners, of certain of the 6% Convertible Notes Due 2014 (the "6% Convertible Notes") issued under the indenture, dated as of August 10, 2000 (the "Original Indenture"), between Calpine Corporation (together with its affiliated debtors and debtors-in-possession, "Debtors"), as issuer, and Wilmington Trust Company, as predecessor indenture trustee (together with HSBC Bank USA, National Association, as successor indenture trustee, collectively, the "Indenture Trustee"), as supplemented by the Second Supplemental Indenture, dated as of September 30, 2004 (the "Supplemental Indenture," together with the Original Indenture, the "Indenture") and HSBC Bank USA, N.A. ("HSBC"), as Indenture Trustee for the 6% Convertible Notes Due 2014 and the 4.75% Convertible Notes Due 2023 (the "4.75% Convertible Notes"), respectfully submit, by and through their undersigned counsel, their joint designation of record on appeal and statement of issues to be presented to the United States Court of Appeals for the Second Circuit, with respect to the final judgment of the United States District Court for the Southern District of New York (the "District Court"), entered in this case on the 21st day of November, 2007 (the "District Court Order"), which affirmed the United States Bankruptcy Court for the Southern District of New York's Order Granting Debtors' Limited Objection to Convertible Noteholder Claim Nos. 2404, 2821, 2823, 6247, 6249, 6280, 6299, and 6300, entered on August 10, 2007 (Docket No. 5595) (the "Bankruptcy Order") as to the final disallowance of the Conversion Right Claims (as defined in the District Court Order).

## I. DESIGNATION OF DOCUMENTS TO BE INCLUDED IN RECORD ON APPEAL

The Appellant Noteholders and HSBC submit the items listed in the chart attached as Exhibit A for inclusion in the record on appeal.[1]

## II. STATEMENT OF ISSUES ON APPEAL

1. Did the Bankruptcy Court and the District Court err as a matter of law in holding that the Indenture Trustee's timely-filed and broadly-worded proof of claim for claims under the Indenture and the 6% and 4.75% Convertible Notes did not include the Conversion Right Claims under that Indenture?

2. Did the Bankruptcy Court and the District Court err as a matter of law in determining that supplements filed to the timely proof of claim after the claims bar date, which asserted claims for breach of the same Indenture that underlies the timely proof of claim, did not "relate back" to the timely proof of claim and were therefore time-barred?

3. Did the Bankruptcy Court abuse its discretion by refusing to permit an amendment to the proof of claim to assert the Conversion Right Claims (if such an amendment was even necessary) on equitable grounds?

4. Did the Bankruptcy Court and the District Court err as a matter of law in holding that the Debtors will have no liability for breach of the Indenture if their plan of reorganization eliminates the Conversion Right?

5. Did the Bankruptcy Court and the District Court err as a matter of law in holding that the Conversion Right Claims under debt securities which did not impose the risks of equity

[1] Each of the documents designated herein to be included in the record on appeal includes all exhibits, schedules and other attachments to such documents.

ownership on Noteholders, would be subject to mandatory subordination to the level of equity under 11 U.S.C. § 510(b)?

Dated: November 29, 2007
New York, New York

Respectfully submitted,

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne (DD 7543)
Matthew S. Barr (MB 9170)
Andrew M. Leblanc (*pro hac vice*)
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

-and-

**STUTMAN, TREISTER & GLATT, P.C.**
Isaac M. Pachulski (*pro hac vice*)
Eric D. Winston (*pro hac vice*)
Whitman L. Holt (*pro hac vice*)
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788

Attorneys for Aristeia Capital, L.L.C., Aurelius Capital Management, LP, Drawbridge Special Opportunities Advisors LLC, Ore Hill Hub Fund Ltd., Nisswa Master Fund Ltd., Pines Edge Value Investors Ltd., Pines Edge Value Investors L.P., Silver Sands Fund LLC, Stark Master Fund Ltd. and 3V Capital Management, LLC

KELLEY DRYE & WARREN LLP

By: /s/ Sarah Reid

Sarah L. Reid (SR 4603)
David E. Retter (DR 4014)
Damon W. Suden (DS 8384)
Jennifer A. Christian (JC 7305)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

**Attorneys for HSBC Bank USA, N.A., as Indenture Trustee**